FILED
SEP 2 6 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jael Speights,

  Plaintiff,

   v.         Civil Action No. *13-1484*

Maria A. Pallante *et al.*,

  Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915A (requiring the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted).

Plaintiff is a Wisconsin state prisoner suing the Register of Copyrights Maria A. Pallante and unidentified employees of the United States Copyright Office under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. at 1. He alleges that Pallante "either intentionally or negligently failed to deposit and store [his manuscript] submission in accords with Title 17 U.S.C. sec. 704." *Id.* ¶ 16. Plaintiff seeks a declaratory judgment that the defendants violated the copyright statute, compensatory damages of $150,000, and an unspecified amount of punitive damages. *Id.* ¶¶ 20-22.

Under the FTCA, the United States has consented to be sued for monetary damages only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Such consent does not encompass the alleged conduct forming the basis of this action since the District of Columbia does not have a law analogous to the Copyright Act under which a private person can be held liable. *See Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (agreeing with other circuit courts "that 'it is virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs' ") (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997)) (alterations and other citations omitted).

To state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has not alleged a constitutional violation, and the alleged facts do not support Pallante's personal involvement in the alleged misconduct.

Since plaintiff has failed to state a claim under the FTCA or *Bivens*, his claim for a declaratory judgment also fails because "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (citations and internal quotation marks omitted) (alteration in original). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

September ___, 2013

United States District Judge